WHITBECK, WIDOW, *against* SHOEFELT.

THIS was an action of *dower.*

*E. Williams,* in behalf of the tenant, prayed leave to *vouch Samuel H. Gardenier* of, &c. to appear, on the first day of next term, to *warranty, &c.*

*Van Buren,* contra, objected, that there had been a special imparlance entered at the last *October* term ; and that the *voucher* ought to have been made at that term, and before the special imparlance.

*Williams* said, a special imparlance saved all the rights of the party.

*Per Curiam.* Take your motion.

Motion granted.

ALBANY,
August, 1812.

JACKSON
v.
WILSON.

In real actions, a special imparlance saves the rights of the party. After a special imparlance the tenant may *vouch to warranty, &c.*

---

JACKSON, *ex dem.* BANYAR AND OTHERS, *against* WILSON.

FOOT, for the defendant, moved for judgment as in case of nonsuit, for not bringing the cause to trial, &c.

The cause had been once tried, and a verdict found for the plaintiff, which was set aside by the court, at the last term, and a new trial granted. The plaintiff neglected to bring the cause to trial at the last circuit. It appeared that no copy or notice of the rule to set aside the verdict and for a new trial, had been served on the plaintiff's attorney ; and

*Mitchell,* for the plaintiff, contended that, according to the *English* practice, service of a copy of the rule for a new trial was necessary, before the plaintiff could be considered in default.

*Per Curiam.* The *English* practice, in this respect, is proper and correct. And it is to be understood, as the practice of this court, that a copy of the rule for a new trial must be served on the plaintiff's attorney before he can be in default, or the defendant can move for a nonsuit.

Motion denied.

Where a verdict is set aside, and a new trial granted, a copy of the rule must be served on the plaintiff's attorney, before the defendant can move for a nonsuit, for not proceeding to trial.